Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO ahora GRANTED RECOVERY GROUP, LLC<br><br>Recurrido<br><br>v.<br><br>MARGARITA NEGRÓN PAGÁN<br><br>Peticionarios | KLCE202301252 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Cobro de Dinero<br><br>Caso Núm.: DCD2010-0930 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece ante nos, la *Sra. Margarita Negrón Pagán* (en adelante, "Negrón Pagán o peticionaria–demandada") mediante el *certiorari* de epígrafe, para que revisemos la *Orden* dictada el 18 de julio de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"). En esta, declaró *No Ha Lugar* la moción presentada por la peticionaria, no obstante, solicitó la reconsideración, que fue declarada *No Ha Lugar* el 5 de octubre de 2023.[2]

Evaluado el expediente ante nos, **denegamos** la presente petición de *certiorari*. **Veamos.**

**-I-**

El **18 de marzo de 2010**, *Banco Popular de Puerto Rico* (en adelante; "BPPR") instó una acción en cobro de dinero por

---

[1] Notificada el 20 de julio de 2023.
[2] Notificada el 11 de octubre de 2023.

$42,147.53 y honorarios de abogados, contra la señora Negrón Pagán.[3]

El **11 de mayo de 2010**, la peticionaria compareció —por derecho propio—,[4] mediante una moción en la cual alegó que sus únicos ingresos eran por incapacidad y que ha intentado negociar la deuda con BPPR. El **18 de mayo de 2010**, BPPR enmendó sus alegaciones para incluir otra reclamación, consistente en un préstamo personal no pagado por la señora Negrón Pagán. La suma reclamada era de $5,830.67 más $2,000 en intereses a razón de 8.95% anual.[5]

Luego de varios trámites, el TPI emitió una Orden el **20 de mayo de 2010** para que la peticionaria contestara la demanda enmendada en 20 días, so pena de anotarle la rebeldía y dictarle sentencia en su contra.[6]

El **14 de abril de 2011**, el BPPR presentó una solicitud para que se dicte sentencia, dado el ofrecimiento de pago muy bajo y la incomunicación de la peticionaria en el intento de llegar a un acuerdo de pago por las deudas acumuladas de un préstamo personal y una tarjeta de crédito.[7]

No obstante, el TPI emitió una Orden el **27 de abril de 2011** para que la representación legal del BPPR contestara, en un plazo de 30 días, la moción por derecho propio presentada el **11 de mayo de 2010** por la peticionaria.[8]

El **17 de mayo de 2011**, la representación legal del BPPR la compareció y reiteró su solicitud para que se dictara sentencia ante la imposibilidad de pago por parte de la señora Negrón Pagán.[9]

---

[3] Anejo I de la Peticionaria, págs. 1 – 2.
[4] Anejo II de la Peticionaria, págs. 5 – 15.
[5] Anejo VI de la Peticionaria, págs. 18 – 19.
[6] Notificada el 22 de mayo de 2010. Anejo IX de la Peticionaria, págs. 23 – 24.
[7] Anejo XI de la Peticionaria, págs. 26 – 27.
[8] Notificada ese mismo día. Anejo XII de la Peticionaria, pág. 28.
[9] Anejo XIII de la Peticionaria, pág. 29.

El **6 de junio de 2011**, el TPI ordenó al BPPR a presentar una declaración jurada acreditando el balance adeudado por la peticionaria.[10]

En cumplimiento de orden, el **29 de junio de 2011** el BPPR sometió una declaración jurada en la que incluyó los balances no pagados de las dos (2) causas de acción.[11]

El **18 de agosto de 2011**, el TPI dictó una sentencia en rebeldía condenando a la señora Negrón Pagán a satisfacer la suma de $42,147.53 en concepto de deuda por la tarjeta de crédito; sin embargo, no atendió la causa relacionada al préstamo personal.[12]

Así las cosas, *Granted Recovery Group, LLC* (en adelante; "Granted o recurrido–demandante") compareció el **23 de febrero de 2015**;[13] entre otras cosas, indicó que BPPR le cedió la sentencia dictada, y le solicitó al TPI la sustitución de parte. Luego, Granted solicitó la ejecución de la sentencia con la venta en pública subasta del inmueble sito en Bayamón, Puerto Rico.[14]

Por lo que, el **6 de mayo de 2015** el TPI expidió la orden ejecución de sentencia autorizando la venta en pública subasta del inmueble.[15] La venta judicial se llevó a cabo el **29 de enero de 2016**, adjudicándosele la *buena pro* a Granted.[16]

Transcurridos varios trámites procesales, el **4 de octubre de 2016** la peticionaria presentó, mediante representación legal: *"Moción Solicitando se Anule Proceso de Ejecución de Sentencia y de Venta Judicial"*.[17] Solicitó que se declarara nulo todo el proceso de

---

[10] Anejo XIV de la Peticionaria, pág. 30.
[11] Anejo XV de la Peticionaria, págs. 31 – 33.
[12] Notificada el 30 de agosto de 2011. Anejo XVI de la Peticionaria, págs. 34 – 36.
[13] Anejo XVI de la Peticionaria, pág. 37.
[14] Alega la peticionaria que Granted anotó un extracto de la sentencia dictada, de acuerdo con las disposiciones de la *Ley sobre Gravámenes por Sentencia*. Anejo XIX de la Peticionaria, págs. 40 – 41.
[15] Anejo XX de la Peticionaria, pág. 42.
[16] Surge del expediente que, se otorgó una escritura de *Venta Judicial* por la suma $85,017.89. Granted asumió las cargas y gravámenes existentes, incluyendo la Hipoteca a favor de Banco Santander (Santander). Véase; Anejo XXII de la Peticionaria, págs. 44 – 50.
[17] Anejo XXIV de la Peticionaria, págs. 52 – 70.

ejecución de la sentencia realizado por Granted, ya que no había anotado previamente el embargo para garantizar la sentencia. **Al día siguiente —5 de octubre de 2016—** la peticionaria radicó una segunda moción, pero esta vez, atacó el perfeccionamiento de la venta judicial.[18] Alegó que Granted debió haber realizado un depósito de la suma excedente del valor adjudicado en la *buena pro*, por lo que, planteó que no se perfeccionó la venta judicial.

Sin embargo, ambos planteamientos no prosperaron.[19] Por lo que, el **28 de febrero de 2017** y el **30 de marzo de 2017** la peticionaria recurrió ante este Foro apelativo. En el primer recurso **KLCE201700343**, solicitó que se anulara la venta judicial, ya que existía una deficiencia de pago de la *buena pro*. En el segundo recurso **KLCE201700600**, solicitó que se anulara el proceso de ejecución de la sentencia dictada, dado que el gravamen impuesto no era autoejecutable. Ambos recursos apelativos fueron consolidados y expedidos el **11 de julio de 2019**.[20] Mediante *Sentencia* se declaró *No Ha Lugar* la anulación del proceso de ejecución de hipoteca, sin embargo, se ordenó a Granted a consignar la suma de $ 27,570.43 más intereses legales a favor de la señora Negrón Pagán.[21]

Recibido el Mandato de este Foro, el **8 de septiembre de 2020**, el TPI aprobó el Memorando de Costas y ordenó a Granted a consignar la suma adeudada de acuerdo con la sentencia de este Foro apelativo.[22]

Así, el **14 de mayo de 2020** la señora Negrón Pagán radicó una acción en daños contra Granted y el *Sr. Francisco Javier Rivera*

---

[18] Anejo XXV de la Peticionaria, págs. 71 – 79.
[19] Luego de Granted replicar ambas mociones, el foro de instancia celebró una vista judicial. Con la anuencia del aludido foro, se produjo una Acta de Subasta Enmendada, el precio de licitación señalado fue de $57,447.46.
[20] Anejo XXXIII de la Peticionaria, págs. 110 – 139.
[21] Del expediente surge que, Santander instó una acción en Cobro y Ejecución de Hipoteca contra la señora Negrón Pagán y Granted, por pagos atrasados. No obstante, al Granted cumplir con las sumas correspondientes, Santander desistió.
[22] Anejos XXXVII y XXXVIII de la Peticionaria, págs. 154 – 156.

*Santiago* (en adelante, "Rivera Santiago").[23] En síntesis, alegó que ambos asumieron la hipoteca, pero que estaban efectuando los pagos de forma morosa, causándole daños a la peticionaria.

El **7 de diciembre de 2020**, la peticionaria radicó *"MOCIÓN SOLICITANDO SE DE POR SOMETIDA PARA SU RESOLUCIÓN LA SOLICITUD PARA QUE DE DECLARE NULO TODO EL PROCESO DE EJECUCIÓN DE SENTENCIA POR HABERSE EJECUTADO UNA SENTENCIA PARCIAL NO FINAL RESPECTO A GRANTED RECOVERY GROUP, LLC [...]".*[24] Por su parte, Granted optó por someter una petición de quiebra voluntaria, por lo que, solicitó que se paralizaran los procedimientos.[25]

A esos efectos, el TPI paralizó los procesos postsentencia el **25 de enero de 2021**.[26] El **12 de mayo de 2022**, la peticionaria solicitó la reapertura de los procedimientos, y acompañó la misma con una orden que le permitía continuar los procesos en el foro estatal.[27] Dicha solicitud fue acogida por el foro primario el **1 de junio de 2022**.[28] El **30 de agosto de 2022**, Granted impugnó la capacidad del aludido foro para actuar.[29] Sostuvo que la orden del *Tribunal de Quiebras* no era clara.

Luego de varios incidentes procesales, el *Tribunal de Quiebras* autorizó la reapertura de los tres (3) casos, incluyendo el caso de *autos*.[30] Por lo cual, la peticionaria solicitó por segunda ocasión la reapertura de los procedimientos en el foro estatal.

El **6 de julio de 2023**, Granted compareció mediante *"Moción Notificando Reporte Final del Síndico y Otros Extremos"*. En síntesis,

---

[23] En el proceso, Granted vendió la propiedad parte del litigio al señor Rivera Santiago el **17 de mayo de 2017**. Luego se enmendó la demanda para, entre otras cosas, incluir los pagos del CRIM que no se estaban realizando.; Anejo XXXIV de la Peticionaria, págs. 140 – 146.
[24] Anejo XLV de la Peticionaria, págs. 198 – 204.
[25] Anejo XLVI de la Peticionaria, págs. 205 – 206.
[26] Anejo XLVII de la Peticionaria, pág. 207.
[27] Anejo XLVIII de la Peticionaria, págs. 208 – 212.
[28] Anejo L de la Peticionaria, pág. 213.
[29] Anejo LIII de la Peticionaria, págs. 219 – 222.
[30] Anejo LVI de la Peticionaria, págs. 234 – 239.

adujo que a tono con el *"Notice of Trustee's Final Report and Application for Compensation and Deadline Object"* y el *"Summary of Trustee's Final Report and Application for Compensation"* (conjuntamente, "Reporte"), surge que el Síndico de Quiebra aprobó el "Proof of Claim" de la peticionaria por la cantidad que solicitó de $35,349.14 por concepto de *"Exess payment on Judicial Sale; awarded court sanctions"*, y le concedió 21 días para que objetara el Reporto. Indicó que el "Proof of Claim" se basó en la Sentencia de las casos consolidados KLCE201700600 y KLCE201700343 del Tribunal de Apelaciones. Alegó que desconocía si la peticionaria cobró dicha cantidad o el Síndico se la concedió. Por lo cual, solicitó el archivo del caso, ya que al culminar el procedimiento de quiebra bajo el Capítulo 7, la entidad corporativa dejó de existir; o en la alternativa, citara al Síndico de Quiebra para que expresara sobre las renunciadas alegaciones de la señora Negrón Pagán.[31]

Por su parte, la señora Negrón Pagán replicó el **7 de julio de 2023**.[32] En síntesis, solicitó que se declarara nula la sentencia, y se revertiera el proceso de ejecución celebrado.

El **18 de julio de 2023**, el TPI emitió una *Orden*, declarando *No Ha Lugar* la réplica de la peticionaria.[33] Inconforme, la peticionaria solicitó reconsideración el **4 de agosto de 2023**.[34] A pesar de que se le dio término para expresarse, Granted no compareció, por lo que el **5 de octubre de 2023** la solicitud fue declarada *NO HA LUGAR A LA RECONSIDERACIÓN DE LA PARTE DEMANDADA*.[35]

Inconforme, el **10 de noviembre de 2023** la señora Negrón Pagán recurrió ante este Foro apelativo y señaló la comisión de los siguientes errores:

---

[31] Anejo LVIII de la Peticionaria, págs. 241 – 301.
[32] Anejo LIX de la Peticionaria, págs. 302 – 304.
[33] Notificada el 20 de julio de 2023.; Anejo LX de la Peticionaria, págs. 306 – 307.
[34] Anejo LXII de la Peticionaria, págs. 308 – 316.
[35] Notificada el 11 de octubre de 2023.; Anejo LXV de la Peticionaria, pág. 323.

1. *Erró Instancia al declarar No Ha Lugar la solicitud de la parte demandada recurrente para que se reabra un proceso paralizado por la radicación de una quiebra, cuando existe una orden especifica emitida por la Corte de Quiebras para que se reabra el caso de autos y se resuelvan los asuntos pendientes en el proceso, que incluye la nulidad del proceso de la ejecución de la sentencia.*
2. *Erró Instancia al declarar No Ha Lugar la solicitud de la parte demandada recurrente para que se reabra un proceso paralizado por la radicación de una quiebra, presumiendo que como la determinación de Instancia no fue fundamentada, aceptó la argumentación de la parte demandante y recurrida de que el proceso de quiebra terminó con la radicación por parte del Síndico del Informe Final.*

De su parte, el recurrido compareció el **7 de diciembre de 2023** mediante el escrito *"MEMORANDO EN OPOSICIÓN A EXPEDICIÓN DE AUTO DE CERTIORARI"*.

Con el beneficio de la comparecencia de ambas partes, damos por sometido el asunto.

**-II-**

**-A-**

Sabido es que el auto de *certiorari* es *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[36]

En ese sentido, se entiende por discreción el *"poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[37]

Por su parte, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender y revisar mediante *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto*

---

[36] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[37] *García v. Asociación,* 165 DPR 311, 321 (2005).

*anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[38]

Bajo esa discrecionalidad, la Regla 40 del Reglamento de este Foro apelativo establece los siguientes criterios:

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[39]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[40]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[41]

---

[38] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[39] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[40] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[41] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

**-III-**

En síntesis, la señora Negrón Pagán indica que el TPI erró al no continuar con los procedimientos pese a existir una orden del *Tribunal de Quiebra* para la continuación de los mismos. Además, **presume** que el foro recurrido aceptó la argumentación de Granted, y que por ello resolvió en contra de la peticionaria.

Sin embargo, el foro de instancia tiene discreción en su facultad de manejar los casos de la manera que entiendan más adecuada, conforme a los hechos y las normas de derecho aplicable ante su consideración. Todavía no ha resuelto la solicitud del archivo solicitado por Granted, basado en que el procedimiento de quiebra bajo el Capítulo 7, culminó y, la entidad corporativa dejó de existir; o en la alternativa, podría, entre otras, citar al Síndico de Quiebra para que exprese, si a la señora Negrón Pagán se le adjudicó el "Proof of Claim" por $35,349.14.

Conforme el derecho aplicable, resolvemos que el presente caso, no presenta ninguna de las circunstancias contempladas en la referida Regla 52.1 de Procedimiento Civil. La peticionaria pretende que sustituyamos el criterio del TPI por el nuestro, sin embargo, no señaló prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones resolvemos denegar la expedición de la petición de *certiorari* epígrafe.

**-IV-**

Por lo antes expuestos, **denegamos** la presente petición de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
